UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-84 |
| | ) | (VARLAN/GUYTON) |
| JOHN SHAFIGHI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DETENTION PENDING TRIAL

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 13, 2017, for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). Assistant United States Attorney Bart Slabbekorn appeared on behalf of the Government. Attorney Gregory Isaacs represented the Defendant, who was also present. Based upon the evidence proffered at this hearing, the Pretrial Services Report presented by the United States Probation Office, and arguments of counsel, the Court concludes that the Defendant must be detained pending trial.[1]

### Part I–Applicable Provisions of the Bail Reform Act

The Government concedes that the Defendant has not been charged with an offense which triggers a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(E). The Government further concedes that it does not allege that the

---

[1] The Pretrial Services Report is filed herewith as Sealed Exhibit A to this Order. In it, the United States Probation Office recommends detention of the Defendant.

Defendant poses a serious risk of danger to another person or the community. The Government's position is that there is a strong likelihood that the Defendant will flee if given the opportunity. 18 U.S.C. § 3142(e). The Defendant opposes detention and requests release, on conditions, pending trial. The Government must show, by a preponderance of the evidence, that the Defendant is a serious risk not to appear at trial. The Court has considered all reasonable, less-restrictive alternatives to detention. The Court, however, must conclude that no conditions will reasonably assure the Defendant's appearance at trial, as outlined below.

### Part II–Statement of Reasons for the Detention

The Court has considered the factors in 18 U.S.C. § 3142(g) and finds as follows:

First, the nature and circumstances of the charged offense "making a false statement in an application for a passport" [Doc. 2], weighs in favor of release because of the level of seriousness of the charge and the potential penalties if convicted.

In the Sixth Circuit, the second factor is the weight of the evidence of the Defendant's dangerousness. See United States v. Stone, 608 F.3d 939, 947 n.6 (6th Cir. 2010). In this case, the weight of the evidence of the Defendant's dangerousness is low, because the Government has so conceded. Accordingly, the Court finds that the weight of the evidence of the Defendant's dangerousness weighs in favor of release. 18 U.S.C. § 3142(g)(2).

The Court, however, finds that the weight of the evidence that the Defendant presents a flight risk weighs in favor of detention. See 18 U.S.C. § 3142(g)(2). The Defendant has no ties to the Eastern District of Tennessee. The Defendant and his family have lived outside of the United States for over twenty years. They currently live in Canada. The Defendant has no business or financial concerns in the United States. The Defendant's wife has entered into a short term lease for an apartment in Knoxville. The Defendant, however, is not a party to the lease.

Moreover, the lease states that "the Leased Premises shall be occupied only by the persons named" in the rental application [Doc. 7-2]. The Defendant concedes that his business and family ties are outside of the United States. The Court finds that the Defendant does have substantial and well-established family, business, and residential ties to Canada. He has a strong motive to flee.

In addition, the Court finds that the Defendant has the means to flee. The Government has established that the Defendant's income in Canada has been at least $100,000 a year. The Defendant has traveled internationally, and his passport reveals that he has been in several countries in the past. The Defendant was apprehended at the Atlanta airport when his flight from Cancun, Mexico to Canada made a stop in Atlanta. Finally, the Defendant has confirmed his financial strength by informing the Court that he posted a $350,000 surety bond in Tennessee state court on January 5, 2017, while at the same time retaining counsel in Knoxville on both state and federal felony charges.

The Defendant has proposed that the risk of flight in this case can be addressed, at least to a reasonable degree, by the amount and conditions of the state court bond, by the Defendant surrendering his passport, living under conditions of house arrest in the Knoxville apartment, and wearing an ankle monitor. The Defendant lives in Canada with his wife, and is sixty-two (62) years old. In a case where someone is considered to be a "general" flight risk, these measures might be sufficient. In the present case, however, the Court finds that the Defendant poses a heightened risk of flight due to his financial means and his family and residential ties to Canada. The Defendant's age provides an additional motivation to flee, in light of the potential prison term he faces in the case, as well as the potential prison term he faces in the state court charge discussed in more detail below.

As for the third factor, the Court views the following aspects of the Defendant's history and characteristics to weigh against him. The Defendant was indicated by a state grand jury in 1994 and charged with rape of a child, a felony. After his arrest on that charge in August, 1994, the Defendant posted a $30,000 bond and was released. The Defendant did not appear for his arraignment on September 2, 1994, but instead fled the country and moved to Iran.[2] A fugitive warrant was issued for his arrest. The Defendant was not arrested until his apprehension at the Atlanta airport in May, 2016. Therefore, the Defendant was on release from custody at the time he is alleged to have committed the instant crime. See 18 U.S.C. § 3142(g)(3)(A)-(B). It also follows that he has a prior failure to appear on a state felony charge, which charge is still pending, and therefore, which would still constitute substantial motive to flee again. Finally, the Defendant's physical and mental states are neutral factors that do not tip the balance in either direction. However, other characteristics, such as the Defendant's family and business ties to Canada, and his financial resources, weigh in favor of detention as discussed above. See 18 U.S.C. § 3142(g)(3)(B).

Fourth, the Court examines the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. 18 U.S.C. § 3142(g)(4). As stated above, this is not an issue in the case of this Defendant.

The Court finds that an analysis of the factors listed in 18 U.S.C. § 3142(g) require the detention of the Defendant. The Court also finds that no conditions of release, including the conditions suggested by the Defendant, such as electronic monitoring, would reasonably assure the appearance of the Defendant as required. 18 U.S.C. § 3142(e). Finally, the Court observes that the Defendant allegedly committed the passport fraud offense in the present case in an effort

---

[2] The Defendant was born and raised in Iran, married his wife in Iran, and was employed in Iran after he fled the United States in 1994.

to deceive the United States Government and hide the existence of the pending state court felony charge. The Court finds that there is probable cause to conclude that the Defendant is not credible and, moreover, that the Defendant can not be trusted to abide by conditions of release, and particularly the conditions that he appear for court. Accordingly, the Court finds that the Defendant must be detained pending his trial.

## Part III–Directions Regarding Detention

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Lynton*
United States Magistrate Judge

5